```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF INDIANA
                HAMMOND DIVISION AT LAFAYETTE
```

JOSEPH L. ROBINSON III,         )
                                )
Plaintiff,                      )
                                )
vs.                             )     CAUSE NO. 4:11-CV-63
                                )
CITY OF LAFAYETTE, *et al.*,    )
                                )
Defendants.                     )

### OPINION AND ORDER

Before the Court is an amended complaint filed by Joseph L. Robinson III, a *pro se* prisoner, pursuant to 42 U.S.C. § 1983 (DE #3). For the reasons set forth below, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Robinson filed this action pursuant to 42 U.S.C. § 1983. (DE #3.) He alleges that on January 29, 2009, he was arrested in Lafayette, Indiana, for driving on a suspended license. He was later released on his own recognizance. On February 2, 2009, he was arrested on drug charges, and was later also charged with being an habitual offender. He went to trial and was found guilty on several counts, and the Indiana Court of Appeals affirmed his convictions on direct appeal. (*Id.* at 9-10.) Robinson raises claims for false arrest, unlawful seizure, and wrongful prosecution against various police officers, prosecutors, and municipal

defendants, seeking $200 million in damages. (DE #3 at 5, 9-14.)

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The Court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Nevertheless, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Robinson first claims that the police lacked probable cause to arrest him on drug charges on February 2, 2009. (DE #3 at 9-10.) It is apparent from the face of the complaint that this claim is

time-barred.[1]  Fourth Amendment claims for false arrest and unlawful search or seizure accrue at the time of the violation. *See Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008).  Under applicable law, Robinson was required to bring his claim within two years of when it accrued.  *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (Indiana's two-year limitations period for personal injury suits applies to Section 1983 claims).  Robinson brought this action on November 14, 2011, the date he tendered his original complaint to prison officials for mailing (DE #1 at 7), which was outside the two-year limitations period.  Accordingly the claim must be dismissed.

Robinson also appears to claim that he was unlawfully held at the jail for seven days following this arrest.  (DE# 3 at 9-10.) Under the Fourth Amendment, an individual arrested without a warrant is entitled to be brought before a judicial officer for a determination of probable cause within a "reasonable" period; 48 hours is generally considered to be "reasonable," although a longer period may be permissible if there were legitimate reasons for the delay.  *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975); *Lopez v. City of Chicago*, 464 F.3d 711, 721-22 (7th Cir. 2006).

---

[1] Although timeliness is an affirmative defense, dismissal at the pleading stage is appropriate "when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009).

3

Robinson does not clearly allege that he was arrested without a warrant, or that he was denied a probable cause hearing within a reasonable period as required by *Gerstein*; instead, he asserts generally that he was held for seven days "without a charge." (DE# 3 at 9.)  To the extent he states a plausible Fourth Amendment claim based on a violation of *Gerstein*, it too is time-barred. This claim would have accrued no later than the date of the probable cause hearing, which was February 9, 2009. *See Dominguez*, 545 F.3d at 589; *see also Garcia v. City of Chicago*, 24 F.3d 966, 970 n.6 (7th Cir. 1994) (unlawful seizure ends for Fourth Amendment purposes at the time of the *Gerstein* hearing).  As stated above, Robinson initiated this action in November 2011, outside the two-year limitations period. Accordingly, this claim must be dismissed.

Robinson also alleges claims for malicious prosecution, asserting that the prosecutor improperly initiated charges against him and the police officers offered false testimony at trial. (DE# 3 at 12-14.)  The prosecutor is entitled to absolute prosecutorial immunity and cannot be sued for damages in connection with his decision to initiate charges against Robinson. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Similarly, a claim based on the police officers' testimony at trial would be barred by witness immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 326-27

(1983).

To the extent Robinson has any claim based on falsified or planted evidence that survives prosecutorial and witness immunity, the claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Robinson cannot bring a claim that necessarily implies the invalidity of his convictions unless and until his convictions are "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-7.  The complaint does not allege that this condition has been met, and indeed Robinson acknowledges that his convictions were recently affirmed on direct appeal.  (DE #3 at 9.)  Accordingly, these claims must be dismissed.

CONCLUSION

For the reasons set forth above, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**DATED: December 28, 2011**          /s/ RUDY LOZANO, Judge
                                      **United States District Court**